DAVIS, Judge,
Concurring.
I fully concur with the majority’s opinion. However, I write to point out the difficult position in which the current status of the law places the trial court when dealing with juvenile drug offenders.
In an attempt to provide education and treatment for certain first-offender juveniles, the legislature authorized the implementation of the pretrial intervention program. Section 985.306 provides that pending charges may be dismissed as to those juveniles who comply with the program. However, the same statute provides that if the court finds that the juvenile did not successfully comply with the program, the court may order the juvenile to continue “in an education, treatment, or urine monitoring program” or the court may order that the prosecution on the pending charges be commenced. § 985.306(l)(c)(l). However, the statute is silent as to whether the treatment options may include the involuntary placement of the child in a residential drug treatment center.
As part of the procedure used to implement this statute, the juvenile court below attempted to address this issue by having T.N. enter into a contract by which he agreed that if he failed to comply with the intervention requirements, he could be placed in such a facility against his will. However, to provide the trial court with the authority to enter such an order, the contract also states that the child agrees that his noncompliance would subject him to prosecution for indirect contempt of court and that upon such a finding, the court could impose the residential treatment as a sanction.
This is where the problem arises. In addition to establishing the intervention program and allowing the court to order “treatment” for noncompliance, the legislature also has limited the sanctions available to the trial court for use in punishing indirect criminal contempt. § 985.216. As the majority opinion notes, the use of a residential treatment center is not included as a possible sanction. We applaud the juvenile court for its attempt to implement the intervention program. We understand that for such a program to work, there must be some means of enforcement. However, the child’s consent does not give the trial court the option of imposing sanctions not authorized by the legislature.
If the legislature intends for the court to have the authority to involuntarily order a noncompliant child into a residential treatment program prior to the adjudication of delinquency, the statute establishing the intervention program should so specify. If it is contemplated that such an order is an appropriate sanction for a finding of indirect criminal contempt, that provision should so state. However, until either of these statutes is amended, the trial court is left with a statutorily-created intervention plan that leaves unanswered multiple questions as to how to handle a noncompli-ant participant.